UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 24-31171 (cml) |
| **James Douglas Butcher** | § | |
| *dba* **American Fitness & Martial Arts,** | § § | **Chapter 11** **Subchapter V** |
| | § | |
| Debtor. | | |

## APPLICATION OF SUBCHAPTER V TRUSTEE
## FOR POST-PETITION RETAINER

> THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.
>
> REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**TO THE HONORABLE CHRISTOPHER LOPEZ, UNITED STATES BANKRUPTCY JUDGE:**

Jarrod B. Marin, Subchapter V Trustee files this his *Application for Post-Petition Retainer* ("**Application**"), and in support would show the Court the following:

### JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012–6 (S.D. Tex. May 24, 2012). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and the general "catch-all" language of 28 U.S.C. § 157(b)(2).

2. The statutory bases for the relief requested herein are §§ 105(a), 330(a), and 503 of title 11 of the United States Code.[1]

3. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This Court has constitutional authority to enter a final order. Court approval of fees and expenses of estate professionals has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.[2] In the alternative, allowance and payment of professional fees is an essential bankruptcy matter which triggers the "public rights" exception.[3]

## BACKGROUND

5. On March 18, 2024, James Douglas Butcher *dba* American Fitness & Martial Arts ("**Debtor**") filed its petition under Chapter 11, Subchapter V of the Bankruptcy Code ("**Petition**"), which included its Schedules and Statement of Financial Affairs.[4]

6. Jarrod B. Martin was appointed as the Subchapter V Trustee ("**Trustee**") on March 21, 2024.[5]

7. The 341 meeting is scheduled for April 17, 2024.

8. The initial Status Conference has not been set by the Court.

9. The Debtor's Plan of Reorganization is scheduled to be filed no later than June 17, 2024.

10. The Schedules indicate that the Debtor has just $600.00 in cash, $4,280.99 in checking at Shell Credit Union, $48.28 in savings at Shell Credit Union, a417.79 in its bank

---

[1] Any reference to "**Code**" or "**Bankruptcy Code**" is a reference to Title 11 of the United States Code, and any reference to "**Section**" or "**§**" refers to the corresponding section in Title 11, unless stated otherwise.

[2] *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 564 U.S. 462 (2011)).

[3] *See id.*

[4] ECF No. 1.

[5] ECF No. 4.

account, two other Shell Federal Credit Union accounts holding a combined $6,100.[6]

## TRUSTEE APPOINTMENT AND DUTIES

11.   Subchapter V cases require the appointment of a Trustee in every case.[7]

12.   The Trustee is not a standing trustee and thus was not appointed pursuant to 28 U.S.C. § 586(b).  Rather, the Trustee was appointed as a disinterested person to serve as trustee in this case by the United States Trustee under § 1183(a).

13.   The UST appointed Mr. Martin as the Trustee for this case.[8]

14.   The Trustee is compensated on an hourly basis, and all payments made to the Trustee are to be from funds held by the debtor.

15.   The Trustee is subject to the statutory duties set forth in § 1183, which incorporates by reference certain chapter 7 trustee duties as specified in § 704(a), and certain chapter 11 trustee duties as specified in § 1106(a).  The trustee has a fiduciary responsibility to the bankruptcy estate, and has an obligation to monitor the case, assess the financial viability of the Debtor, communicate with creditors, and facilitate the development of a consensual plan of reorganization.  Because a debtor-in-possession can be removed pursuant to § 1185, the Trustee must be diligent in his duties.

16.   Pursuant to the Handbook for Small Business Chapter 11 Subchapter V Trustees, the Trustee may seek compensation for his work in the case prior to the conversion or dismissal.

## RELIEF REQUESTED

17.   Pursuant to this Application, the Trustee requests a post-petition Retainer of $1,000 per month ("**Retainer**") be paid to Trustee, beginning 30 days from the date of filing of the Petition (April 18, 2024).

---

[6] ECF No. 1.

[7] 11 U.S.C. § 1183 (2019).

[8] ECF No. 4.

18. The Trustee shall deposit the Retainer into a Subchapter V Trustee designated bank account, and the funds shall remain in the account until such time as the Court awards compensation of fees and reimbursable costs to the Trustee with any excess funds from the Retainer returned to the Debtor.

**WHEREFORE, PREMISES CONSIDERED**, the Trustee prays that this Application be approved by this Court under the terms specified above; and for such other and further relief to which he may show himself to be justly entitled.

Dated: April 3, 2024

Respectfully submitted,

*/s/ Jarrod B. Martin*

Jarrod B. Martin
Texas Bar No. 24070221
CHAMBERLAIN, HRDLICKA, WHITE,
    WILLIAMS & AUGHTRY, P.C.
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
F: 713.658.2553
E: JBM.Trustee@chamberlainlaw.com

*Subchapter V Trustee*

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 3, 2024, a copy of the foregoing Application was filed electronically. Notice of this filing will be sent to all registered to receive documents through the Court's Electronic Case Filing System.

*/s/ Jarrod B. Martin*
Jarrod B. Martin