IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: JAMES DOUGLAS BUTCHER | § § § § | CASE NO. 24-31171 |
| DEBTOR | | CHAPTER 11 |

### MOTION FOR CONTINUATION OF THE AUTOMATIC STAY

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.

IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. THE COURT WILL CONDUCT A HEARING IN COURTROOM 401, 4th FLOOR, 515 RUSK AVENUE, HOUSTON TEXAS, 77002. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

HEARINGS BEFORE JUDGE LOPEZ ARE GENERALLY HELD ON A HYBRID BASIS, UNLESS THE COURT ORDERS IN PERSON APPEARANCES. ADUIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE LOPEZ'S CONFERENCE ROOM NUMBER IS 590153.

YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGELOPEZ" IN THE GOTOMEETTING APP OR CLICK THE LINK ON JUDGE LOPEZ'S HOME PAGE IN THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT-HAND CORNER AND ENTER YOUR NAME UNDER PERSONAL INFORMATION SETTING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

1. This motion requests an order from the Bankruptcy Court authorizing the extension of the automatic stay pursuant to 11 U.S.C. §362(c)(3).

2. Debtor, James Douglas Butcher, was represented by Baker and Associates in a previous bankruptcy, case no.23-34075-H4-13, filed on October 23, 2023. The previous case was dismissed on March 18, 2024. The latest filed plan and schedules, the docket and the Trustee's records in the previous case reflect the following:

   a) Combined monthly income of $8,411.22;
   b) Combined monthly expenses of $9,755.52;
   c) chapter 13 plan payment in the amount of $550.00 for month 1-18; $50,000.00 monthly for month 19; $550.00 monthly for month 20-60 with a 2.76% dividend to the general unsecured class of creditors;
   d) a total of $1,650.00 was paid to the chapter 13 trustee (the chapter 13 Trustee received $123.75 for total expenses and compensation);
   e) the following motions for relief from stay were either pending or had been resolved by terminating, conditioning, or limiting the stay: Motion for Relief from Stay to Conclude State Court Litigation. Filed by Creditor Michael Allen Franklin on January 25, 2024 (ECF 42). The final hearing on the motion was held on February 27, 2024 and the Court granted relief from stay for two limited purposes. However, as of the date that the prior case was dismissed, the proposed order filed by the Movant after the hearing had not been entered.
   f) the case was dismissed for the following reasons: Debtor's debt exceeded the debt limit for chapter 13.

3. Debtor's current case was filed on March 18, 2024, which is within a 1-year period of the prior case being dismissed, and in which the latest filed plan and/or schedules reflect the following:

   a) Combined monthly income of $13,299.56;
   b) Combined monthly expenses of $10,465.52;
   c) Chapter 11 Plan: Debtor will file a Sub Chapter V Plan of Reorganization not later than 90 days after the order for relief as required by 11 U.S.C. §1189;
   d) Proposed wage order: not applicable.

4. Describe any substantial change in the financial or personal affairs of the Debtor since the dismissal of the Debtor's most recent case:

   a) Debtor's prior case was dismissed because his debts exceeded the debt limit for chapter 13.

     b) On January 4, 2024 Debtor had filed a motion to convert his prior case to Sub Chapter V, Chapter 11. However, the Court expressed concerns with conversion, related to the possibility of compliance with Sub Chapter V deadlines, due to the time when the motion was filed.

     c) Debtor filed this case in good faith as to all creditors and is ready to proceed under Sub Chapter V, Chapter 11 of the Bankruptcy Code.

The undersigned has reviewed the foregoing and acknowledge that the matters raised are true and correct. Therefore, Debtor respectfully requests that the automatic stay arising under 11 U.S.C. §362(a) be extended under 11 U.S.C. §362 (c)(3)(B) as to all creditors.

Date: March 25, 2024                      */s/James Douglas Butcher*
                                            James Douglas Butcher

Date: March 25, 2024                      */s/Reese W. Baker*
                                            Reese W. Baker
                                            Texas Bar No. 01587700
                                            Baker and Associates
                                            950 Echo Lane, Suite 300
                                            Houston, Texas 77024
                                            713-979-2250
                                            713-869-9100 (fax)
                                            ATTORNEYS FOR DEBTOR

## **CERTIFICATE OF SERVICE**

I certify that on or about March 25, 2024 I caused a copy of foregoing document to be served by the electronic Case Filing System for United States Bankruptcy Court for the Southern District of Texas

                                              */s/Reese W. Baker*
                                              Reese W. Baker