**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 24-31171** |
| | § | |
| **James Douglas Butcher** | § | |
| | § | **Chapter 11, Sub Chapter V** |
| **Debtor** | | |

## Debtor's Second Amended Plan of Reorganization
## Under Subpart V Chapter 11

James Douglas Butcher ("Butcher" or the "Debtor") proposes this Second Amended Plan of Reorganization (the "Plan") pursuant to 11 U.S.C. §§ 1190.

### I.  Background

#### A.  The Debtor

Butcher is an individual Texas resident residing at 480 Kirby Rd. Taylor Lk Vlg, TX 77586-5201 ("Homestead").

#### B.  Brief History of the Debtor, Assets of the Debtor and Cause for the Debtor's Chapter 11 Filing / Business of the Debtor

Butcher is an individual who owns a home, vehicles, household goods, financial accounts at banks and other financial accounts, and other miscellaneous assets. The assets are listed on Schedules A/B of his filed schedules. *Amended Schedules A/B filed at ECF No. 45.* The Debtor is married to Leonida Butcher ("Leonida").

In Debtor's Schedule A/B of the bankruptcy case there are four (4) real properties listed and the Debtor's homestead at 480 Kirby Road, Taylor Lake Village, Texas. The four non-homestead properties are the following: (a) 17250 El Camino Real, Webster, TX 77058, (b) 2234

Nasa Road 1 Seabrook, TX 77586, and (c) 3222 Burke Rd Pasadena, TX 77504, and (d) 2514 Perez Rd. Pasadena, TX 77502 [1] (the non-homestead properties collectively the "Properties"). The Properties are owned fifty percent (50%) by Jimmy Butcher, the Debtor's and Leonida's son, and fifty percent (50%) by Leonida Butcher dba JC Lion Properties ("JC Lion Properties"). The Debtor has no management rights in the Properties. The Properties are rental properties solely managed by debtor's wife, Leonida.

For at least 12 to 14 years or more, Debtor has had no access or control of the personal bank accounts of Leonida. Debtor has had no access or control of any JC Lion Properties bank accounts. The Properties are under the sole management and control of Leonida, the spouse of the Debtor. Under section 541(a)(2)(A) of the Bankruptcy Code, the Properties are not property of his bankruptcy estate.

The Properties have deed of trust liens with Capital Bank and Stellar Bank.[2] Leonida is the sole signatory for the JC Lion Properties' bank accounts.

Creditors Frost Bank ("Frost") and Michael Allen Franklin ("Franklin")[3] obtained judgments against the Debtor in approximately 2012 and 2014, respectively (the "Judgments"). The Judgments resulted from Debtor's personal guarantees of loans related to business dealings that failed on or about 2009 and 2010. The Judgments resulted from contractual obligations incurred by the Debtor, not Leonida or Jimmy Butcher. The Judgments are not against Leonida or Jimmy Butcher. Frost and Franklin incorrectly claim to have judgment liens against the Properties based upon recorded abstracts of the Judgments. The abstracts are incorrectly shown

---

[1] Property subject to contract.
[2] Previously Post Oak Bank, N.A., subsequently Alliance Bank. The lender is currently Stellar Bank.
[3] Judgment originally obtained by Charles David Young, Jr, later held by Margaret McCarty Young.

as attached to the Properties.  The collection actions by Frost and Franklin were the cause for the bankruptcy filing.  Debtor had been able to settle other judgments related to his personal guarantees.  However, despite his efforts, no settlement has occurred with Frost and Franklin.

Debtor filed the bankruptcy to reorganize and address the Judgments, clarify the extent of liability, if any, that the Properties have for the Judgments, and address other debts.

Butcher values his non-exempt personal property assets at approximately $5,262.61, in the aggregate, as of the filing date. The plan pays more than the amount of his non-exempt property to creditors.

Butcher has debts of approximately $6,349,304.31.

*Business of the Debtor:*  Debtor conducts martial arts classes and consulting services for real property management and operations.  The Debtor also receives Social Security and VA disability.

## C.  Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit A.

## D.  Ability to Make Future Plan Payments and Operate Without Further Reorganization

In order to confirm a plan, the Debtor must show that it will have enough cash over the life of the plan to make the required plan payments and pay his personal expenses.  The Debtor has provided projected financial information as Exhibit B. The projections are based upon prior history

and anticipated income.

While the Debtor is not required to use his social security income for plan payments, the Debtor will use $550.00 of his social security income every month to complete the amount of cash that is necessary to make the plan payments.

The projections demonstrate that the Debtor will have sufficient funds to pay his personal expenses and make the plan payments during the term of the Plan.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

## II.    Summary of Plan

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay Debtor's creditors from the cash flow generated in the ordinary course of the Debtor's business after confirmation.

This Plan provides for:    21 classes of secured claims; and

One class of unsecured claims.

Creditors holding allowed claims will receive distributions as set forth in this Plan.

This Plan also provides for the payment of administrative claims.

All creditors should refer to this Plan for information regarding the precise treatment of their claims.

The Debtor may prosecute claims against persons or entities that may owe money to the

Debtor. Any recoveries will remain with and be an asset of the reorganized Debtor.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## III.    Classification of Claims and Interests

| Class 1 | Class 1 consists of the allowed claim of Galveston County for $1,163.64.  The claim is secured by business personal property. [Claim 2].  Debtor will pay. |
|---|---|
| Class 2 | Class 2 consists of the secured claim of Harris County, *et. al*. for $1,520.99.    The claim is secured by business personal property [Claim 3].  Debtor will pay. |
| Class 3 | Class 3 consists of the secured claim of Harris County, *et. al*. for $20,287.68.  The claim is for 2024 estimated taxes.  The claim is secured by the following properties:<br><br>(a) Homestead<br>(b) 17250 El Camino Real, Webster, TX 77058<br>(c) 2234 Nasa Road 1 Seabrook, TX 77586<br>(d) 0 7th ST. TR 35E 77586<br>(e)  3222 Burke Rd Pasadena, TX 77504<br>(f)   0 Burke 77504 BLDG U<br>(g) 2514 Perez Rd 77502<br><br>[Claim 4].<br><br>The property taxes for the Homestead are escrowed.  Debtor and Leonida will continue to pay the property taxes, as are escrowed into the monthly installments.<br><br>Leonida will pay the property taxes for:<br>(a)   17250 El Camino Real, Webster, TX 77058<br>(b) 2234 Nasa Road 1 Seabrook, TX 77586<br>(c) 0 7th ST. TR 35E 77586<br>(d)  3222 Burke Rd Pasadena, TX 77504<br>(e)  0 Burke 77504 BLDG U<br>(f) 2514 Perez Rd 77502 |

| Class 4 | Class 4 consists of the secured claim of Capital Bank for $689,503.70.  The claim is secured by real estate located at 3222 Burke Rd Pasadena, TX 77504 [Claim 9]. Amount to be paid by Leonida and not the Debtor. |
|---------|---|
| Class 5 | Class 5 consists of the secured claim of Capital Bank for $174,025.82.  The claim is secured by real estate located at 3222 Burke Rd Pasadena, TX 77504 [Claim 10]. Amount to be paid by Leonida and not the Debtor. |
| Class 6 | Class 6 consists of the secured claim of Capital Bank for $149,660.20.    The claim is secured by real estate located at 2234 Nasa Road 1 Seabrook, TX 77586 [Claim 11].  Amount to be paid by Leonida and not the Debtor. |
| Class 7 | Class 7 consists of the secured claim of Capital Bank for $289,597.44.    The claim is secured by real estate located at 3222 Burke Rd Pasadena, TX 77504 [Claim 12]. Amount to be paid by Leonida and not the Debtor. |
| Class 8 | Class 8 consists of the secured claim of Ford Motor Credit Company, LLC for $22,174.89.  The claim is secured by vehicle 2022 Ford Maverick Crew Cab XLT 2.0L I4 Turbo VIN:3FTTW8E92NRA99882 [Claim 13].  The Debtor will continue to pay. |
| Class 9 | Class 9 consists of the secured claim of JP Morgan Chase Bank, National Association for $321,944.92.  The claim is secured by Debtor's Homestead [Claim 15].  Amount to be paid one-half by Leonida and one-half by the Debtor. |
| Class 10 | Class 10 consists of the secured claim of Stellar Bank for $659,373.37.  The claim is secured by real estate located at 17250 El Camino Real Webster, TX 77058 [Claim 16].  Amount to be paid by Leonida and not the Debtor. |
| Class 11 | Class 11 consists of the secured claim of Clear Creek Independent School District for $28,404.97.   The claim is for 2024 estimated taxes.   Past due pre-petition amounts: $8.32 for Homestead.   The claim is secured by the following properties: <br><br>(a)  Homestead<br>(b)  0 7th Street, Seabrook, TX 77586<br>(c)  2234 Nasa Road 1, Seabrook, TX 77586<br>(d)  17250 El Camino Real, Webster, TX 77058<br>     [Claim 21] |

|  | The property taxes for the Homestead are escrowed.  Debtor and Leonida will continue to pay the property taxes, as are escrowed into the monthly installments.<br><br>Leonida will pay the property taxes for:<br><br>(a)  0 7th Street, Seabrook, TX 77586<br>(b)  2234 Nasa Road 1, Seabrook, TX 77586<br>(c)  17250 El Camino Real, Webster, TX 77058 |
|---|---|
| Class 12 | Class 12 consists of the secured claim of Clear Lake City Water Authority for $6,601.92.  The claim is for 2024 estimated taxes.  The claim is secured by the following properties:<br><br>(a)  Homestead<br>(b)  17250 El Camino Real, Webster, TX 77058<br><br>The property taxes for the Homestead are escrowed.  Debtor and Leonida will continue to pay the property taxes as an escrow of the monthly installments.<br><br>Leonida will pay the property taxes for:<br><br>(a)  17250 El Camino Real, Webster, TX 77058<br><br>[Claim 23] |
| Class 13 | Class 13 consists of the secured claim of Mercedes-Benz Financial Services for $55,000.  The claim is secured by vehicle 2019 Mercedes-Benz 550 S.  No claim was filed. Amount of claim is listed by Debtor.  Vehicle is in Leonida's name and she makes the monthly contractual payments. |
| Class 14 | Class 14 consists of the secured claim of Mercedes-Benz Financial Services for $55,000.  The claim is secured by vehicle 2021 Mercedes-Benz 350 E.  No claim was filed. Amount of claim is listed by Debtor.  Vehicle is in Leonida's name and she makes the monthly contractual payments. |
| Class 15 | Class 15 consists of the secured claim of Pasadena Independent School District for $24,412.19.  The claim is for 2024 estimated taxes in the amount of $22,204.59 and for business personal property taxes in the amount of 2,207.60.   The claim is secured by Business Personal Property and the following properties:<br><br>(a)  0 Burke, Pasadena, TX 77504 |

|  | (b) 3222 Burke Rd., Pasadena, TX 77504<br>(c) 2514 Perez Rd., Pasadena, TX 77502<br><br>Debtor will pay the claim for business personal property taxes.<br><br>Leonida will pay the property taxes for:<br><br>   (a) 0 Burke, Pasadena, TX 77504<br>      (b) 3222 Burke Rd., Pasadena, TX 77504<br>      (c) 2514 Perez Rd., Pasadena, TX 77502<br>  [Claim 22] |
|---|---|
| Class 16 | Class 16 consists of the secured claim of the City of Houston for $704.15.  The claim is secured by business personal property. [Claim 24]. Debtor will pay. |
| Class 17 | Class 17 consists of the secured claim of Michael Allen Franklin for $315,948.77. The secured amount of the claim is listed as "TO BE DETERMINED".  Debtor will pay as an unsecured claim.  The Properties that are claimed to be partially subject to the judgment lien are under the sole management and control of Leonida. The alleged lien did not and does not attach to the Properties.  Leonida's fifty percent (50%) ownership interest in the Properties is her solely managed community property. Therefore, these Properties do not constitute property of the Debtor's bankruptcy estate.  [Claim 19].[4]  Class 17 will be paid as an unsecured claim. Upon confirmation of this Plan and after the Effective Date, Michael Allen Franklin is to release his claim on the Properties.  In the alternative, the Debtor may request an order from this court that releases the claim of Michael Allen Franklin on the Properties. |
| Class 18 | Class 18 consists of the secured claim of Frost Bank for $2,652,479.79. The secured amount of the claim is listed as "Unknown". Debtor will pay as an unsecured claim. The Properties that are claimed to be partially subject to the judgment lien are under the sole management and control of Leonida. Hence, the alleged lien did not attach to the Properties. Leonida's fifty percent (50%) ownership interest in the Properties is her solely managed community property. Therefore, these Properties do not constitute property of the Debtor's bankruptcy estate.  [Claim 20]. Class 20 will be paid as an unsecured claim. Upon confirmation of this Plan and after the Effective Date, Frost Bank is to release its claim on the Properties.  In the alternative, the Debtor may request an order from this court that releases the claim of Frost Bank on |

---

[4] On August 14, 2024 Michael Allen Franklin filed Claim No. 25 that appears to be a duplicated of claim 19, amended on that same date (Claim 19-2).  Claim 25 shall be treated in Class 17 as an unsecured claim as claim 19.

|  | the Properties. |
|---|---|
| Class 19 | Class 19 consists of the secured claim of the City of Seabrook for $1,803.59.  The claim is for 2024 estimated *ad valorem* taxes.  The claim is secured by the following properties:<br><br>        (a) 0 7th Street, Seabrook, TX 77586<br>        (b) 2234 Nasa Road 1, Seabrook, TX 77586<br><br>Amount to be paid by Leonida and not the Debtor. [Claim 26] |
| Class 20 | Class 20 consists of the secured claim of the City of Pasadena for $6,906.35.  The claim is for 2024 estimated *ad valorem* taxes.  The claim is secured by the following properties:<br>        (a) 0 Burke, Pasadena, TX 77504<br>        (b) 3222 Burke Rd., Pasadena, TX 77504<br>        (c) 2514 Perez Rd., Pasadena, TX 77502<br>Amount to be paid by Leonida and not the Debtor. [Claim 27] |
| Class 21 | Class 21 consists of the secured claim of the City of Webster for $4,675.16. The claim is for 2024 estimated *ad valorem* taxes.  The claim is secured by the following property:<br><br>        (a) 17250 El Camino Real, Webster, TX 77058<br><br>Amount to be paid by Leonida and not the Debtor. [Claim 28] |
| Class 22 | Class 22 consists of all non-priority unsecured claims allowed under § 502 of the Code. The aggregate amount of Class 22 claims is approximately $3,856,831.01. |

"Taxing Authorities" or "Taxing Authorities" shall mean any governmental taxing entity.

## IV.   Treatment of Administrative Expense Claims, Priority Tax Claims, and Court Fees

Under § 1123(a)(1), administrative expense claims and priority tax claims are not in classes.

### A. Administrative Expense Claims

Each holder of an administrative expense claim allowed under § 503 of the Code will be

paid in full in cash on the later of the Effective Date (as hereinafter defined), on the date such claim becomes an allowed claim, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

Butcher will pay post-confirmation fees and expenses incurred by Baker & Associates in the ordinary course of business without the need for Court approval of such fees and expenses.

Payment to the Subpart V Trustee – Jarrod B. Martin has been appointed as the Subpart V Trustee in this case ("Subpart V Trustee"). Debtor shall pay allowed Subpart V Trustee fees and expenses as set forth in the projections and budget. If the Subpart V Trustee does not timely receive tender of the payments set forth above, the Subpart V Trustee shall send written notice by Regular Mail, by Email, and by Certified Return Receipt Requested Mail, postage prepaid, to the Debtor and Counsel for the Debtor, and allow Debtor a 30-day period from the date of such written notice to cure such delinquent payments. In the event Debtor fails to cure such delinquent payments within such 30-day period, the Subpart V Trustee shall be allowed to take any and all steps necessary to exercise any and all rights available remedies under applicable law. Upon entry of a final order of discharge for the Debtor, this notice requirement shall terminate and the parties shall thereafter be governed by the notice provisions set forth under the laws of the State of Texas.

The subpart V Trustee fees will be paid on the Effective Date, subject to the approval of the fees and expenses by the bankruptcy court.

## B. Priority Tax Claims

No priority tax claims have been filed. The Amended Claim No. 5 filed by the Internal Revenue Service is $0.00.

### C.  Statutory Fees

All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the Effective Date have been paid or will be paid on the Effective Date.

## V.    Treatment of Claims and Interests Under the Plan

Claims and interests will be treated as follows under this Plan:  Filing date of March 18, 2024.

| Class | Impairment | Treatment |
|-------|-----------|-----------|
| Class 1 –  Galveston County-business personal property taxes | Impaired | Debtor will pay $1,163.64 to Class 1 by no later than March 18, 2027.  The claim will be paid in approximately equal monthly installments at 12% per annum interest [Claim 2]. |
| Class 2 – Harris County- business personal property taxes | Impaired | Debtor will pay $1,520.99 to Class 2 by no later than March 18, 2027.  The claim will be paid in approximately equal monthly installments at 12% per annum interest. [Claim 3]. |
| Class 3- Harris County, *et. al.* 2024 estimated taxes secured by the following properties: Homestead; 17250 El Camino Real; 2234 Nasa Road 1; 0 7th ST. TR 35E 77586; 3222 Burke Rd Pasadena, TX 77504; 0 Burke 77504 BLDG U; 2514 Perez Rd 77502. | Unimpaired | The claim for $20,287.68 will be paid to Class 3 as follows:<br><br>The property taxes for the Homestead are escrowed. Debtor and Leonida will continue to pay the property taxes, as are escrowed into the monthly installments.<br><br>Leonida will pay the property taxes for: |

| | | |
|---|---|---|
| | | (a) 17250 El Camino Real, Webster, TX 77058<br>(b) 2234 Nasa Road 1 Seabrook, TX 77586<br>(c) 0 7th ST. TR 35E 77586<br>(d) 3222 Burke Rd Pasadena, TX 77504<br>(e) 0 Burke 77504 BLDG U<br>(f) 2514 Perez Rd 77502<br><br>[Claim 4]. |
| Class 4- Capital Bank -secured by 3222 Burke Rd Pasadena, TX 77504 | Unimpaired | Leonida will continue to pay $689,503.70 to Class 4 by paying the contractual monthly installments [Claim 9]. Amounts to be paid by Leonida and not the Debtor. |
| Class 5- Capital Bank -secured by 3222 Burke Rd Pasadena, TX 77504 | Unimpaired | Leonida will continue to pay $174,025.82 to Class 5 by paying the contractual monthly installments [Claim 10]. Amounts to be paid by Leonida and not be Debtor. |
| Class 6- Capital Bank -secured by 2234 Nasa Road 1 Seabrook, TX 77586 | Unimpaired | Leonida will continue to pay $149,660.20 to Class 6 by paying the contractual monthly installments [Claim 11]. Amounts to be paid by Leonida and not be Debtor. |
| Class 7- Capital Bank -secured 3222 Burke Rd Pasadena, TX 77504 | Unimpaired | Leonida will continue to pay $289,597.44 to Class 7 by paying the contractual monthly installments [Claim 12]. Amounts to be paid by Leonida and not the Debtor. |
| Class 8-Ford Motor Credit for 2022 Ford Maverick | Unimpaired | Debtor will continue to pay $22,174.89 to Class 8 by paying the contractual monthly installments   [Claim 13]. |
| Class 9-JP Morgan Chase - Homestead | Unimpaired | Debtor and Leonida will continue to pay $321,944.92 to Class 9 by paying the contractual monthly installments as they have been doing since the case was filed [Claim |

| | | |
|---|---|---|
| | | 15]. There is no pre-petition arrearage. |
| Class 10- Stellar Bank secured by 17250 El Camino Real | Unimpaired | Leonida will continue to pay $659,373.37 to Class 10 by paying the contractual monthly installments [Claim 16]. |
| Class 11- Clear Creek Independent School District 2024 estimated taxes. Past due pre-petition amounts: $8.32 for Homestead. Secured by the following properties: Homestead; 0 7th Street, Seabrook, TX 77586; 2234 Nasa Road 1; 17250 El Camino Real. | Unimpaired | The claim for $28,404.97 will be paid to Class 11 as follows:<br><br>The property taxes for the Homestead are escrowed. Debtor and Leonida will continue to pay the property taxes, as are escrowed into the monthly installments.<br><br>Leonida will pay the property taxes for:<br><br>(a) 0 7th Street, Seabrook, TX 77586<br>(b) 2234 Nasa Road 1, Seabrook, TX 77586<br>(c) 17250 El Camino Real, Webster, TX 77058<br>[Claim 21] |
| Class 12- Clear Lake City Water Authority 2024 estimated taxes. secured by: Homestead and 17250 El Camino Real | Unimpaired | The claim of $6,601.92 will be paid to Class 12 as follows:<br><br>The property taxes for the Homestead are escrowed. Debtor and Leonida will continue to pay the property taxes, as are escrowed into the monthly installments.<br><br>Leonida will pay the property taxes for:<br><br>(a) 17250 El Camino Real, Webster, TX 77058<br>[Claim 23] |
| Class 13- Mercedes-Benz Financial Services for 2019 Mercedes-Benz 550 S | Unimpaired | Leonida will continue to pay $55,000 to Class 13 by paying the contractual monthly installments. |

| Class 14- Mercedes-Benz Financial Services for 2021 Mercedes-Benz 350 E | Unimpaired | Leonida will continue to pay $55,000 to Class 14 by paying the contractual monthly installments. |
|---|---|---|
| Class 15- Pasadena Independent School District for 2024 estimated taxes secured by Business Personal Property and the following properties: 0 Burke; 3222 Burke Rd., and 2514 Perez Rd. | Impaired | The claim of $24,412.19 will be paid to Class 15 as follows:<br><br>The Debtor will pay the amount of $2,207.60 for business personal property taxes by no later than March 18, 2027. The claim will be paid in approximately equal monthly installments at 12% per annum interest.<br><br>Leonida will pay the property taxes for:<br><br>(a) 0 Burke, Pasadena, TX 77504<br>(b) 3222 Burke Rd., Pasadena, TX 77504<br>(c) 2514 Perez Rd., Pasadena, TX 77502<br><br>[Claim 22] |
| Class 16- City of Houston secured by business personal property | Impaired | Debtor will pay $704.15 to Class 16 by no later than March 18, 2027. The claim will be paid in approximately equal monthly installments at 12% per annum interest. [Claim 24]. |
| Class 17 -Michael Allen Franklin | Impaired | Class 17 will be deemed an unsecured class and will be paid in Class 22. Upon confirmation of this Plan and after the Effective Date, Michael Allen Franklin is to release his claim on the Properties. In the alternative, the Debtor may request an order from this court that releases the claim of Michael Allen Franklin on the Properties. |
| Class 18-Frost Bank | Impaired | Class 18 will be deemed an unsecured class and will be paid in Class 22. Upon confirmation of this Plan and after the Effective Date, Frost Bank is to release its claim on the Properties. In the alternative, the Debtor may request an order from this court that releases the claim of |

| | | |
|---|---|---|
| | | Frost Bank on the Properties. |
| Class 19-City of Seabrook for 2024 estimated *ad valorem* taxes secured by the following properties: 0 7th Street, Seabrook, TX 77586 and 2234 Nasa Road 1, Seabrook, TX 77586 | Unimpaired | Leonida will pay the *ad valorem* taxes of $1,803.59 to Class 19 [Claim 26] |
| Class 20 -City of Pasadena for 2024 estimated *ad valorem* taxes secured by the following properties: 0 Burke, Pasadena, TX 77504, 3222 Burke Rd., Pasadena, TX 77504, 2514 Perez Rd., Pasadena, TX 77502 | Unimpaired | Leonida will pay the *ad valorem* taxes of $6,906.35 to Class 20 [Claim 27] |
| Class 21-City of Webster for 2024 estimated *ad valorem* taxes secured by the following property: 17250 El Camino Real, Webster, TX 77058 | Unimpaired | Leonida will pay the *ad valorem* taxes of $4,675.16 to Class 21 [Claim 28]. |
| Class 22- Unsecured Creditors | Impaired | Butcher will pay the projected disposable income for thirty-six (36) months following the Effective Date to creditors in this class with allowed claims in the amount set forth on the projections with this plan. The payments to unsecured creditors will be escrowed by the Subpart V Trustee or the Debtor and paid on at least a calendar quarterly basis. |

**Funds for Payment of Administrative Expense Claims and Unsecured Claims.**

The Debtor will pay the administrative expenses and the other classes as set forth on the projections.   The Debtor may prepay administrative expenses if the Debtor has sufficient funds to make such payments.

**Provisions Applicable to Classes 2 Harris County and 3-Harris County,** *et. al.*

Any prepetition and post-petition ad valorem tax liens secured by the Property shall be retained until such taxes are paid in full. The Taxing Authorities reserve the right to amend their claims for actual 2024 tax liability amounts pursuant to the Texas Tax Code and are not capped by the amounts set forth in the Plan. No administrative expense claim or a request for payment shall be required for payment of 2024 or subsequent years' taxes.

The Reorganized Debtor and/or Leonida shall pay all post-petition ad valorem taxes in the ordinary course of business and shall be subject to the Texas Tax Code, including accrual of penalties and interest for delinquent post-petition taxes. In the event of a delinquency for post-petition tax years, the Taxing Authorities are authorized to immediately commence any collection actions authorized under applicable non-bankruptcy law, and in state court, without further notice or order from the Bankruptcy Court.

**Provisions applicable to Creditors in Classes 1 (Galveston County), 2 (Harris County), 3 (Harris County,** *et. al),* **4 (Capital Bank)***,* **5 (Capital Bank), 6 (Capital Bank), 7 (Capital Bank), 8 (Ford Motor Credit), 9 (JP Morgan Chase), 10 (Stellar Bank), 11 (Clear Creek Independent School District), 12 (Clear Lake City Water Authority), 13 (Mercedes-Benz Financial Services), 14 (Mercedes-Benz Financial Services), 15 (Pasadena Independent School District), and 16 (City of Houston)**

Creditors in Classes 1 (Galveston County), 2 (Harris County), 3 (Harris County, *et. al),* 4

(Capital Bank), 5 (Capital Bank), 6 (Capital Bank), 7 (Capital Bank), 8 (Ford Motor Credit), 9 (JP Morgan Chase), 10 (Stellar Bank), 11 (Clear Creek Independent School District), 12 (Clear Lake City Water Authority), 13 (Mercedes-Benz Financial Services), 14 (Mercedes-Benz Financial Services), 15 (Pasadena Independent School District), and 16 (City of Houston) shall retain their liens and encumbrances as existed immediately prior to the filing date on the collateral for each of the Classes pursuant to the terms of the existing and executed loan documents, notes, deeds of trust and other security documents.  All rights and remedies as set forth in the existing and executed loan documents, notes, deeds of trust, and other security documents for each of such classes shall continue in full force and effect.  For each of such classes, payments shall continue as set forth on the dates in the applicable loan documents.  Creditors in such classes shall also have the rights and remedies as set forth in state law, which rights and remedies shall continue in full force and effect.

**Provisions Applicable to All Classes-Default**

If the reorganized Debtor fails to timely make the required plan payments to any of the creditors, the reorganized Debtor will be considered to have defaulted under the Plan as to such creditor. If the reorganized Debtor defaults under the Plan as to a creditor, then such creditor may send a written notice of the default (a "Default Notice") to the reorganized Debtor and counsel for the Debtor by Regular Mail, by Email, and by Certified Mail Return Receipt requested, postage prepaid. (email for the Debtor:  dbutcher.afma@gmail.com; email for counsel for the Debtor: courtdocs@bakerassociates.net).  If the reorganized Debtor does not cure the default within 30 days after receiving the written Default Notice, such creditor with a default may proceed to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court.

**Bar Date and Payments**

**The Debtor will only pay creditors that are listed in the schedules of the Debtor as undisputed, non-contingent, and liquidated. If a creditor is listed as disputed, contingent, or unliquidated, then the creditor must file a claim by the bar date. If no claim is filed by the bar date, then no payment will be made to such creditor, but the discharge provided in this Plan and the bankruptcy code will discharge the debt of such creditor. Creditors whose claims are listed as disputed, contingent, or unliquidated will receive no distribution unless such creditor files a claim and the claim is allowed.** Even if a creditor files a claim, the Debtor may still dispute the claim.

**Provisions for Subpart V Chapter 11 Trustee and Confirmation under section 1191(b)**

The Debtor requests consent to act as the disbursing agent if the plan is confirmed under section 1191(b).

**Quarterly Financial Reporting**. If the plan is confirmed under section 1191(b), then until the Debtor has completed all payments under this Plan, the reorganized Debtor shall file with the Court and provide to the Subpart V Trustee no later than 21 days after the end of each quarter, post-confirmation quarterly financial reports (the "Quarterly Reports") for each quarter (or portion thereof) of the Plan term. The Quarterly Reports shall: (i) be generated by the Debtor's management or an accounting or finance professional retained by the Debtor; and (ii) contain the information required by the U.S. Trustee's forms and office.

**Tax Returns**. If the plan is confirmed under section 1191(b), then until the Debtor has completed all payments under this Plan, Debtor shall timely file all tax returns and make all tax payments and deposits, if any, when due. For each tax return that becomes due after entry of the order confirming the Plan but before the Plan is substantially consummated, Debtor shall, within

fourteen (14) days of filing the return, provide the Subpart V Trustee with a complete copy of the tax return, including all schedules and attachments.

**Reorganized Debtor's Remittance**. If the plan is confirmed under section 1191(b) and if the Debtor is not the disbursing agent, then the Debtor shall remit to the Subpart V Trustee the funds for the payments of the allowed claims in this plan. Payments of administrative claims under this Plan shall be made in a manner that is mutually agreeable by and between the Debtor, administrative claimants, and the Subpart V Trustee. The Reorganized Debtor shall promptly contact the Subpart V Trustee regarding the disposition of any checks by Reorganized Debtor made payable to the Subpart V Trustee but not negotiated.  The Debtor shall calculate the amounts to be paid to creditors in this plan and shall provide such calculations to the Subpart V Trustee at approximately the same time as the funds are delivered to the Subpart V Trustee.

**Distributions to Creditors.** If the plan is confirmed under section 1191(b), then distributions to allowed claims will be made in accordance with the payment calculations provided by the Debtor. The Subpart V Trustee is not responsible for calculating or correcting the payment amounts due under the Plan.

**Disbursing Agent.** The Debtor shall serve as the disbursing agent if the plan is confirmed under 1191(a).

In the event the plan is confirmed under 1191(b), the Debtor requests a waiver of the requirement that the Subpart V Trustee serve as the disbursing agent.  The Debtor has approximately 30 creditors in total and can manage and pay the creditors as necessary.  In the event

the waiver is not granted, the Subpart V Trustee shall serve as disbursing agent for the creditors and shall be discharged upon completion of the final disbursement to all the creditors. Funds from any disbursement check where the check remains unnegotiated for more than 60 days, may be redistributed *pro rata* to other unsecured creditors, as provided for under the Plan, or may be placed with this Court's unclaimed funds register pursuant to 28 U.S.C. § 2042, at the discretion of the Debtor (or the Subpart V Trustee if the Debtor is not the disbursing agent). The Reorganized Debtor will have the right to pursue the recovery of any disbursements made on account of a claim which is subsequently withdrawn and/or satisfied.

If the plan is confirmed under section 1191(b) and the Debtor is not authorized to be the disbursing agent, the following shall also apply:

a. The Subpart V Trustee shall be the disbursing agent for all distributions made under the plan. The Debtor shall be required to pay a post-confirmation retainer to the Subpart V Trustee of $750 monthly. As disbursing agent, the Trustee may pay his post-confirmation fees without further order of the Court on 14-days negative notice. The Subpart V Trustee may file a Notice Regarding Payment of Fees, which shall include fees and expenses incurred by the trustee on a quarterly basis. If no party objects to the notice, after 14 days, the Subpart V Trustee may pay the fees and expenses. If a party in interest does object, the Court will set a hearing to determine whether the fees and expenses incurred by the Subpart V Trustee are reasonable and necessary;

b. Payments by the Debtor to the Subpart V Trustee are due by the 15th of the month, with the first plan payment due on the 15th of the month following confirmation. The Subpart

V Trustee will begin making distributions under the plan within 60 days of plan confirmation;

c. The payments to unsecured creditors will be escrowed by the Subpart V Trustee or the Debtor and paid on at least a calendar quarterly basis;

d. The Debtor shall provide the Subpart V Trustee access to information and access otherwise to fulfill all duties pursuant to § 1183;

e. Default remedies under the Plan include liquidation and/or removal of the Debtor, and the Court should retain jurisdiction to enforce and interpret the Plan; and

f. Any modification of plan payments must be filed and noticed by the Debtor or by Subpart V Trustee.

If the plan is confirmed under 1191(a) or is confirmed under 1191(b) and Debtor is allowed to serve as the disbursing agent, the payments to unsecured creditors will be escrowed by the Debtor and paid on at least a calendar quarterly basis. The first plan payment will be due on the 15th of the month following confirmation.

The Debtor will be deemed to have met its payment obligations upon payment of the classes of claims as set forth herein.

The Subpart V Trustee shall be discharged upon Substantial Consummation of the Plan unless the Subpart V Trustee serves as Class V disbursing agent. If the latter occurs, the Subpart

V Trustee shall be discharged upon completion of the final disbursements to the creditors in this plan.

**Disbursement Reports**. If the plan is confirmed under section 1191(b), then the Debtor (or the Subpart V Trustee if the Debtor is not the disbursing agent) shall provide all required reports to the United States Trustee for review, during the period in which the Debtor (or the Subpart V Trustee if the Debtor is not the disbursing agent) continues to make plan payments. Upon completion of all plan payments, the Debtor (or the Subpart V Trustee if the Debtor is not the disbursing agent) will submit the final report and final account of the administration of the estate to the United States Trustee for review pursuant to section 1183(b)(1). After review, the final report and account will be filed with the Court.

If the plan is confirmed under section 1191(a), no further reports must be filed by the Debtor.

**Notices**. The Debtor (or the Subpart V Trustee if the Debtor is not the disbursing agent) may limit notice of any and all reports, document, pleading or other filing related to this case to those parties directly affected and to those interested parties which have filed a notice of appearance or proofs of claim, as necessary. The Debtor (or the Subpart V Trustee if the Debtor is not the disbursing agent) shall be under no obligation to serve parties which are neither affected by any report, document, pleading or other filing or have made no appearance whatsoever before this Court

**Payments and Distributions on Disputed Claims**. Except as otherwise provided in the Plan, no partial Plan Payments and no partial Distributions will be made with respect to a Disputed Claim until the resolution of such dispute by settlement or Final Order. For purposes of clarity, each class's claimants will not be entitled to a distribution until all claims within the applicable class are final. Unless otherwise agreed to by the reorganized Debtor or as otherwise specifically provided in the Plan, a Creditor who holds both an Allowed Claim and a Disputed Claim will not receive a distribution until such dispute is resolved by settlement or Final Order. The provisions of this section are not intended to restrict payment of any unclassified claims which are not disputed.

**Subpart V Trustee Obligations.**

**(a) Obligations Related to the Pursuit of Causes of Action**. The Subpart V Trustee shall not have any right or obligation to pursue and/or manage the reorganized Debtor's pursuit of Causes of Action. Rather, the pursuit and management of Causes of Action shall be coordinated by the reorganized Debtor and the attorney retained by the reorganized Debtor to pursue Causes of Action, if any.

**(b) Administration of the Estate.** If the plan is confirmed under section 1191(b) and the Debtor is not the disbursing agent, then the Subpart V Trustee shall file all reports required by the United States Trustee in the manner prescribed by the United States Trustee Program. Upon discharge of the Subpart V Trustee, the Subpart V Trustee shall file his final report and seek a discharge of his duties as Subpart V Trustee.

**Retention of Jurisdiction**. The Court retains jurisdiction for any and all matters that may come before the Court in the administration of the Plan and pursuant to the Order of Confirmation, specifically including, but not limited to, the jurisdiction to determine all objections that have heretofore been or may be filed to claims of creditors; to fix and award all compensation to parties who may be so entitled; to hear and determine all questions concerning the assets or property of the debtors, including any questions relating to any sums of money, services, or property due to the debtor; and determine all matters of any nature or type necessary or appropriate to carry out the Plan.

## VI.  Allowance and Disallowance of Claims

### A.  Disputed Claims

A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order and, as to which, either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

As of the submission of this plan, twenty-four (24) claims have been filed. The Debtor reserves the right to dispute any claims filed by any creditors for up to forty-five (45) days after the Effective Date.

Distribution on a Disputed Claim

No distribution will be made on a disputed claim unless such claim is allowed by a final non-appealable order. The Debtor will only pay on allowed claims.

### B.  Settlement of Disputed Claims

The Debtor will have the power and authority to settle and compromise a disputed claim with Court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

### VII.    Provisions for Executory Contracts and Unexpired Leases

The Debtor assumes the following executory contracts and unexpired leases as of the Effective Date:

There are no executory contracts or unexpired leases to be assumed by the Debtor.

Except for executory contracts and unexpired leases that have been assumed under this Plan or by order of the court before the Effective Date or under the preceding paragraph, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.

A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

### VIII.   Means for Implementation of the Plan

The Debtor will retain the property of the bankruptcy estate. The Debtor will make the payments as set forth in the Projections to either the creditors or to the Subpart V Trustee.

Jimmy Butcher shall retain his fifty percent (50%) ownership interest in the Properties.

Upon confirmation of this Plan and after the Effective Date, Michael Allen Franklin (Class 17) and Frost Bank (Class 18) are to release their liens, encumbrances and claims on the Properties. In the alternative, the Debtor may request an order from this court that releases the liens, encumbrances and claims of Michael Allen Franklin and Frost on the Properties.

**IX.    General Provisions**

**A.   Definitions and Rules of Construction**

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

**B.   Effective Date**

The effective date ("Effective Date") of this Plan is the date on which the confirmation order becomes a final order no longer subject to appeal. If, however, a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which the stay expires or is otherwise terminated.

**C.   Severability**

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**D.   Binding Effect**

The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

### E.  Captions

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

### F.  Controlling Effect

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

### G.  Retention of Jurisdiction

The Bankruptcy Court will retain exclusive jurisdiction of the case after the confirmation date with respect to the parties to, and the subject matter of, this Plan and the claims, applications, orders, damages, and other events as described in the Plan.

## X.      Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the Effective Date, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt: (i) imposed by this Plan; or (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

If the Debtor's Plan is confirmed under § 1191(b), the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, on the first date on which the Administrative Claims, priority claims, and allowed claims in

all classes have each been paid in full in accordance with the terms of this Plan. The Debtor will not be discharged from any debt: (i) on which the last payment is due after the first 3 years of the Plan, or as otherwise provided in § 1192; or (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

If the Debtor's Plan is confirmed under § 1191(b), upon payment by the Debtor of the Administrative Claims, priority claims, and allowed claims in all classes in accordance with the terms of this Plan, the Debtor may apply for the entry of an order of discharge and upon confirmation that the payments have been made, the Bankruptcy Court shall enter an order of discharge under section 1192.

On the Effective Date, any lien, claim or encumbrance of Frost Bank and Michael Allen Franklin resulting from the Judgments or otherwise will be released, discharged and terminated on the Properties and any other properties of the Debtor.

A discharge shall also be a determination that neither Frost Bank nor Michael Allen Franklin have any claims against Leonida, Jimmy Butcher or the Properties and that the Judgments do not apply to Leonida, Jimmy Butcher and the Properties.   Upon a discharge, Frost Bank and Michael Allen Franklin are to execute releases of the Judgment liens that may be filed in the real property records where the Properties are located stating that the Judgments do not apply to the Properties, or alternatively the Debtor may obtain an order from the bankruptcy court stating that the Judgments do not apply or attach to the Properties.

**Attachments:**

1. Projections – payments to creditors under the plan are shown in red

2. Liquidation Analysis
3. Liquidation Chart

Dated: August 19, 2024

*/s/James Douglas Butcher*
James Douglas Butcher

ATTORNEY FOR THE DEBTOR:
Reese Baker
TX Bar No. 01587700
Baker & Associates
950 Echo Lane, Ste. 300
Houston, Texas 77024
(713) 979-2279
(713) 869-9100 Fax